misleading warnings about the subject products, and a campaign of misinformation intended to convince Plaintiffs, Plaintiffs prescribing physicians, and the public that Redux is not associated with VHD or PH, and is in fact a safe and effective product.

164.  Interneuron knew or should have known that these representations were false or misleading at the time they were made or omitted or concealed, and made the representations with the intent or purpose that Plaintiffs and Plaintiffs' physicians would rely on them, leading to the use of Redux by Plaintiffs, and with the specific intention that Plaintiffs rely on such misrepresentations and concealment by delaying in obtaining appropriate medical care and monitoring, in discovering their injuries associated with the use of Redux, and in discovering that such injuries were caused by the acts and omissions of Interneuron.

165.  Plaintiffs and Plaintiffs' physicians had no knowledge of the information concealed and suppressed by Defendants and were unaware of the inaccuracy of any statements being made and believed them to be true.

166.  Plaintiffs and Plaintiffs' physicians justifiably relied on and were induced by Interneuron's active concealment and relied on such actions, statements, and omissions.

167.  Interneuron had a post-sale duty to warn Plaintiffs and or Plaintiffs' physicians about the potential risks and complications associated with Redux in a timely manner.

168.  The misrepresentations and active concealment by Interneuron constitutes a continuing tort.

169.  Such concealment has served to toll any applicable statute of limitations that applies to Plaintiffs' claims against Interneuron.  As a direct result of the concealment, and their justified reliance thereon, Plaintiffs did not and could not have discovered their injuries caused by the ingestion of Redux, until they received an echocardiogram which indicated the presence of FDA

positive valvular heart disease and did not and could not have discovered that such injury was caused by the acts and omissions of Interneuron or their ingestion of Redux..

170.  As a direct and legal result of the fraudulent concealment by Interneuron, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future.  Plaintiffs' injuries and losses are continuing in nature.

WHEREFORE, Plaintiffs demand judgment against Defendants Interneuron for damages, as well as all costs of this action.

**COUNT VI**
**G.L. c. 93A UNFAIR AND DECEPTIVE PRACTICES**
**(AGAINST DEFENDANTS INTERNEURON AND BOEHRINGER ONLY)**

171.  Plaintiffs adopt by reference all of the allegations above, each inclusive, as though fully set forth herein.

172.  Defendants Interneuron and Boehringer were at all times material hereto engaged in the conduct of trade and commerce throughout the United States including the Commonwealth of Massachusetts and the States within which Plaintiffs were prescribed and ingested Redux.

173.  Defendants Interneuron and Boehringer engaged in trade and commerce with respect to the design, manufacture, approval, marketing, promotion, distribution and sale of Redux, a defective product, which was unfit for its intended use, and which had risks that substantially outweighed any benefits.

174. Defendants Interneuron and Boehringer, in furtherance of their business of trade and commerce, did knowingly and willfully fail to disclose to Plaintiffs individually and by and through their physicians information about the risks associated with the ingestion of Redux.

175. Interneuron and Boehringer made misleading statements and failed to disclose information to Plaintiffs individually and by and through their physicians concerning Redux in its marketing, promotion, distribution, and sale.

176. Interneuron and Boehringer knew the facts concerning Redux were material to Plaintiffs and their physicians in assessing the safety of Redux. Defendants also knew that withholding this information would place Plaintiffs at further risk of injury.

177. Interneuron and Boehringer made these misrepresentations and failed to disclose material facts for the purpose of inducing Plaintiffs to purchase and ingest Redux.

178. Plaintiffs relied to their detriment on Interneuron's and Boehringer's representations that Redux was an effective and relatively risk free diet drug.

179. As a result of their reliance and as a direct and proximate cause of Interneuron's and Boehringer's willful or knowing unfair or deceptive acts or practices in violation of G.L. c. 93A, § 2, Plaintiffs have sustained serious and permanent injuries including, but not limited to, injuries to the heart, pulmonary system and/or other physical injuries, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, and loss of the ability to earn money in the future. Plaintiffs' injuries and losses are continuing in nature.

180. Interneuron's and Boehringer's violation of G.L. c. 93A, § 2 entitles Plaintiffs individually to an award of actual damages and reasonable attorney's fees and costs incurred in connection with said action.

181. Interneuron's and Boehringer's actions which resulted in their failure to provide accurate and sufficient information about the true risks of pulmonary hypertension, VHD and other injuries constitute unfair and deceptive acts and practices as defined in G.L. c. 93A.

182. Defendants knowingly and willfully engaged in these unfair and deceptive acts and practices in violation of G.L. c. 93A, § 2, entitling Plaintiffs to an award of up to treble but not less than double damages against Defendants Interneuron and Boehringer.

183. Defendants' unfair and deceptive acts and practices occurred primarily and substantially within Massachusetts because, among other things: Defendants' principal place of business is in Lexington, Massachusetts and at all relevant times Defendants and its officials were conducting business in Massachusetts when they engaged in unfair and deceptive acts and practices; and Defendants committed said unfair and deceptive acts in marketing, promoting, packaging, labeling, compounsing, distributing, detailing, and/or selling Redux to the public, including Plaintiffs.

184. Plaintiffs have substantially complied and/or will comply with all requirements of G.L. c. 93A , § 9.

WHEREFORE, Plaintiffs demand judgment against Defendants Interneuron and Boehringer for damages, including actual damages, which Plaintiffs request to be trebled or doubled by the Court, as well as reasonable attorney's fees and costs incurred in connection with this action, and any other relief this Court deems proper.

PLAINTIFFS CLAIM A TRIAL BY JURY.

_____

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: March _30_, 2004

55

# COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                    SUPERIOR COURT
MIDDLESEX, SS.

2   04-1286 B

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |

**Dorothy Ausevich; Douglas Iwanicki; Jerry Bujarski; Rosemary Ardagna; Vicki Sack; Eleanor Lovette; Debra Osgood; Cheryl Martella; Geraldine O'Brien; Lisa McAdams; Thomas McGauley; Karol Destefano; Barbara Fagan; Jean Horton; Donald Chartrand; Elaine Morriss; Claudia Velloso-Potts; John Vogel; John Marriner; Jacqueline Sasso,**

      Plaintiffs

v.

**Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,**

      Defendants

FILED
IN THE OFFICE OF THE
CLERK OF THE C:
FOR THE COUNTY

MAR 30 2004

CLERK

3/30/04   Motion Allowed
Attest:   Ellen M. DiPace
          Deputy Assistant Clerk
( GArsh , J.)

## MOTION FOR APPOINTMENT
## OF SPECIAL PROCESS SERVER

    Now come the plaintiffs in the above-captioned matter and move that this Court

appoint Constables Philip D. Fixman, Michael B. Fixman and Daniel P. Kochakian of

Michael B. Fixman & Associates (disinterested parties and over the age of eighteen), 72

Hancock Street, P.O. Box 83, Everett, Massachusetts or a representative thereof, as

Special Process Server, for the purpose of serving any and all process served in this case,

including but not limited to the Complaint.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: March _30_, 2004

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                                    SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | Civil Action<br>No. 00-9999-G |
| Dorothy Ausevich; Douglas Iwanicki; Jerry Bujarski; Rosemary Ardagna; Vicki Sack; Eleanor Lovette; Debra Osgood; Cheryl Martella; Geraldine O'Brien; Lisa McAdams; Thomas McGauley; Karol Destefano; Barbara Fagan; Jean Horton; Donald Chartrand; Elaine Morriss; Claudia Velloso-Potts; John Vogel; John Marriner; Jacqueline Sasso,<br><br>    Plaintiffs<br>v.<br><br>Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,<br><br>    Defendants | <u>C.A. No. 04-1286</u><br><br><br><u>FIRST AMENDED</u><br><u>COMPLAINT</u> |

Plaintiffs hereby adopt and incorporate the entire original complaint, ~~amended~~

only as follows:

1.      The title of Count I is amended to:

BREACH OF WARRANTY
DEFECTIVE DESIGN


2.      The title of Count II is amended to:

BREACH OF WARRANTY

## FAILURE TO WARN

3.      The following paragraph 185 is added:

185.     Plaintiffs have pursuant to Massachusetts G.L. c. 93A sent to

Interneuron and Boehringer a letter of demand for settlement.

_____
Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Samuel W. Lanham, Jr.
Cuddy & Lanham, P.A.
470 Evergreen Woods
Bangor, ME 04401
(207) 942-2898

Neil D. Overholtz
Aylstock, Witkin & Sasser, P.L.C.
55 Baybridge Drive
P.O. Box 1147
Gulf Breeze, FL 32562-1147
(850) 916-7450

DATED: April 16, 2004

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

............................ , ss
MIDDLESEX
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1286

...Dorothy Ausevich, et al., Plaintiff(s)

v.

Indevus Pharmaceuticals,
...Inc., et al................ , Defendant(s)

## SUMMONS

To the above-named Defendant: **Wyeth, Inc.**

You are hereby summoned and required to serve upon ....Edward J. Barshak, Sugarman, Rogers,

Barshak & Cohen, P.C......... plaintiff's attorney, whose address is ..101 Merrimac Street,

Boston, MA 02114 ..........................................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ................................

........Cambridge............................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at ............. Cambridge............................

the ......................................... 7th ............. day of ........May...............................

.................., in the year of our Lord ......2004...................................... .

Clerk

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...............................................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

......................................................................................................................................................
......................................................................................................................................................
......................................................................................................................................................
                                        ...................................................................................................

Dated: ......................................................................................................................

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX**
   **ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(                                                                                    )
(        ......................................................................., ............        )
(                                                                                    )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX ........ ss.

............................ Plff.

v.

............................ Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ....May 7, 2004................................................

20........., I served a copy of the within summons, together with a copy of the complaint in this action,

upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

```
also served first amended complaint, civil action cover sheet and tracking
order: Served at Corporation Service Company, 84 State St., 5th fl., Boston, M.
Served in hand to Bernardo Montanez, process clerk for Corporation Service
Company and agent authorized to accept service on behalf of

Wyeth, Inc.
```

Michael B. Fixman, Constable
Court Appointed Special Process Server

Dated: .....May 7, 2004......................

**N.B.  TO PROCESS SERVER:**

**PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

( _____ )

( May 7, 2004 ............................., ........ )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX .........ss.

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. ................

................, Plff.

v.

................, Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

........MIDDLESEX............ , ss
[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No. 04-1286

Dorothy Ausevich, et al.
............................................. , Plaintiff(s)

v.

Indevus Pharmaceuticals,
Inc., et al.
............................................. , Defendant(s)

## SUMMONS

To the above-named Defendant: Indevus Pharmaceuticals, Inc.

You are hereby summoned and required to serve upon Edward J. Barshak, Sugarman, Rogers,

Barshak & Cohen, P.C........... plaintiff's attorney, whose address is ...101 Merrimac Street,...

Boston, MA 02114 ..................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...............................

Cambridge ......................................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at Cambridge ..............................

the .................. 7th .................. day of May..............................

.................., in the year of our Lord 2004 ....................

*Edward J Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......................................................................
20........., I served a copy of the within summons, together with a copy of the complaint in this action,
upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

..........................................................................................................................
..........................................................................................................................
..........................................................................................................................
                                    .........................................................................................

Dated: ..........................................................................................................

**N.B.  TO PROCESS SERVER:**
   **PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX
   ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

(                                                           )
(            ...................................................., .........    )
(                                                           )

**COMMONWEALTH OF MASSACHUSETTS**

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No.

MIDDLESEX........, ss.

.................... Plff.

v.

.................... Deft.

**SUMMONS**
(Mass. R. Civ. P. 4)

**PROOF OF SERVICE OF PROCESS**

I hereby certify and return that on ...May..7,..2004.................................................

20........., I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1-5)):

also served first amended complaint, civil action cover sheet and tracking order: Served at Corporation Service Company, 84 State St., 5th fl, Boston, M Served in hand to Bernardo Montanez, process clerk for Corporation Service Company and agent authorized to accept service on behalf of

Indevus Pharmaceuticals, Inc.

Michael B. Fixman, Constable
Court Appointed Special Process Server

Dated: ...May..7,..2004.......................................

**N.B.  TO PROCESS SERVER:**

PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

( _____ )

( May 7, 2004 ......................, ......... )

( _____ )

COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

No.

MIDDLESEX ...... ss.

.......... Plff.

v.

.......... Deft.

SUMMONS
(Mass. R. Civ. P. 4)

**TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER**

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX ......................... ss

[seal]

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION
No. 04-1286

Dorothy Ausevich, et al. , Plaintiff(s)

v.

Indevus Pharmaceuticals,
Inc., et al. ................, Defendant(s)

## SUMMONS

To the above-named Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

You are hereby summoned and required to serve upon Edward J. Barshak, Sugarman, Rogers,
Barshak & Cohen, P.C. ............ plaintiff's attorney, whose address is 101 Merrimac Street,
Boston, MA 02114 ............................................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ....................................

..Cambridge............................................. either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, Suzanne V. DelVecchio, Esquire, at .................................. Cambridge

the ...................................... 7th .......................... day of ............... May ........................

...................., in the year of our Lord ............ 2004 .............................

*Edward J Sullivan*

Clerk

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
for each defendant, each should be addressed to the particular defendant.

FORM NO. SUP. — 001

COMMONWEALTH OF MASSACHUSETTS

EASTERN COUNTIES, SS.                          SUPERIOR COURT
MIDDLESEX, SS.

| | |
|---|---|
| **IN RE MASSACHUSETTS STATE COURT DIET DRUG LITIGATION** | **Civil Action No. 00-9999-G** |
| **Dorothy Ausevich; Douglas Iwanicki; Jerry Bujarski; Rosemary Ardagna; Vicki Sack; Eleanor Lovette; Debra Osgood; Cheryl Martella; Geraldine O'Brien; Lisa McAdams; Thomas McGauley; Karol Destefano; Barbara Fagan; Jean Horton; Donald Chartrand; Elaine Morriss; Claudia Velloso-Potts; John Vogel; John Marriner; Jacqueline Sasso,** | |
| Plaintiffs<br><br>v. | **C.A. No. 04-1286** |
| **Indevus Pharmaceuticals, Inc., F/K/A Interneuron Pharmaceuticals, Inc.; Wyeth, Inc., F/K/A American Home Products Corporation; Wyeth Pharmaceuticals, Inc F/K/A Wyeth-Ayerst Pharmaceuticals, Inc., A Division Of American Home Products Corporation; and Boehringer Ingelheim Pharmaceuticals, Inc.,** | |
| Defendants | |

## PLAINTIFFS' AFFIDAVIT OF SERVICE IN COMPLIANCE WITH MASSACHUSETTS GENERAL LAWS, CHAPTER 223A, § 6

I, Michael S. Appel, counsel for the plaintiffs in the above-entitled action, say that

on May 7, 2004, I gave written notice to the defendant, Boehringer Ingelheim

Pharmaceuticals, Inc., of filing a Complaint against it by mailing a letter, postage prepaid,

certified mail and return receipt requested, enclosing therein a copy of the (1) Summons;

(2) Complaint; (3) Amended Complaint; (4) Civil Action Cover Sheet; and (5) Tracking

Order, to the defendant at 900 Ridgebury Road, Ridgefield, CT  06877-1058.

349196

Said return receipt is attached hereto.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS ___

DAY OF MAY, 2004.

Edward J. Barshak, (BBO No. 032040)
Michael S. Appel, (BBO No. 543898)
Sugarman, Rogers, Barshak & Cohen, P.C.
101 Merrimac Street, 9th Floor
Boston, MA 02114
(617) 227-3030

Dated:

### CERTIFICATE OF SERVICE

I, Michael S. Appel, attorney for plaintiffs, hereby certify that I have this day forwarded the within Defendant's Affidavit of Service in Compliance with Mass. General Laws, Chapter 223A, §6 by mailing a copy of same, postage prepaid, first-class mail, to all parties.

Michael S. Appel

Dated:

349196



**SUGARMAN, ROGERS, BARSHAK & COHEN, P.C.**
Attorneys at Law

101 Merrimac Street
Boston, MA 02114-4737
617-227-3030
617-523-4001 Fax
www.srbc.com

EDWARD J. BARSHAK
barshak@srbc.com

May 7, 2004

<u>VIA CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>
7002 0860 0007 4926 2258

President
Boehringer Ingelheim Pharmaceuticals, Inc.
900 Ridgebury Road
Ridgefield, CT  06877-1058

      Re:    *Dorothy Ausevich, et als., v. Indevus Pharmaceuticals, Inc., et als.*
              Middlesex Superior Court, Civil Action No. 04-1286

Dear Sir/Madam:

Enclosed herewith in the above-entitled matter, please find a copy of the following documents:

      1.      Complaint;
      2.      First Amended Complaint;
      3.      Tracking Order;
      4.      Civil Action Cover Sheet; and
      5.      Summons.

An answer is required within 20 days of your receipt of this letter.  Service is hereby made upon you in accordance with Massachusetts General Laws, Chapter 223A.

                    Very truly yours,

                    Edward J. Barshak

Enclosures

Cc:    Samuel W. Lanham, Jr., Esquire
        Neil D. Overholtz, Esquire





FILED
IN THE OFFICE OF THE
CLERK OF THE COURTS
FOR THE COUNTY OF MIDDLESEX

MAY 19 2004

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**President**
**Boehringer Ingelheim**
**Pharmaceuticals, Inc.**
**900 Ridgebury Road** P.O. Box 368
**Ridgefield, CT 06877-1058**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
Dan Kowalsin              5/19/2004
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   **7002 0860 0007 4926 2258**

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1540

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

**President**
**Wyeth Pharmaceuticals, Inc.**
**500 Arcola Road**
**Collegeville, PA 19426-3982**

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee
B. Received by (Printed Name)   C. Date of Delivery
    M Burton              5/14/0
D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered      ☒ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   **7002 0860 0007 4926 2265**

PS Form 3811, August 2001        Domestic Return Receipt        102595-02-M-1